Saul S. Streit, J.
Defendant Masters, Inc., moves for dismissal of the complaint pursuant- to subdivision 4 of rule 106 of the Rules of Civil Practice. Plaintiff claims to have been injured when he put to use an aerosol bomb manufactured by the codefendant and sold to the plaintiff by the moving defendant under its name ‘ ‘ Fire Chief ’ ’. Plaintiff alleges that defendant knew or should have known of the inherent danger. This contention is based upon the inscription upon the article ‘ ‘ nonpoisonous— non-toxic — harmless — stainless ”. Obviously culpable knowledge is not derivable therefrom. The contention is based upon the further inscription, as stated in plaintiff’s brief, “ Important Do not place in excessively hot places' (on radiators, etc.) ”, but that inscription is not set forth in the complaint; nor is it alleged that the latter statement was contained in any advertising copy used by either defendant. Thus far no legal duty to give warning of inherent danger arises. It is not possible to fathom the meaning of plaintiff’s inquiry how defendant knew the product was harmless and nonpoisonous if it did not have prior knowledge of inherent and imminent danger lurking in the chemicals contained in the “ Fire Chief ”, The chemicals were in fact contained in a pre-packaged, presealed container bearing the words “ non-poisonous ”, “ nontoxic ” and “ harmless ”. In fact, it is not at all made clear in the complaint that the chemicals are harmful when the container is used in normal function. There is no allegation that the chemicals when so used are not as represented by the codefendant and are, on the contrary, harmful.
It is alleged in the complaint as to the occurrence producing the injury that plaintiff attempted to remove the cap, which apparently is part of the release control mechanism, in order to reach a red button, and he did so in conformity with the directions imprinted on the Fire Chief. With some effort the cap was raised, the chemicals escaped with explosive force in a large stream and became dispersed in all directions. Strenuous efforts were made to stop the discharge by manipulation of the red button, in.conformity with the directions but, the maneu *743 ver failing, plaintiff placed Ms left index finger at the nozzle tip to stem the flow of chemicals. Upon the lapse of a few seconds, the flow ceased, and the container was empty. There is no allegation that the container had not been full, and it must be assumed that by reason of the accident, a full and normal content was released at immediate contact with the body.
Plaintiff argues that “ All that was needed was the ability to read the English language. The container proclaimed the warning that the can should not be placed in a warm place (and particularly mentioned a radiator) (see page 3 of this brief).” The place to see the proclaimed warning is the pleading, and not the brief. If the danger resulted from excessive temperature, the warning apparently was given. Nor does the complaint make clear what the claimed inherent danger is — whether faculty pressurized packaging or other defect capable of discovery upon such inspection as may be required of the seller. The defendant is left to guess whether the defect was in the chemical, its maintenance or the release mechanism.
Plaintiff argues, further, that “ In the instant case, the product sold was made up of chemicals, which are and always will be dangerous. ’ ’ If plaintiff means that any chemical is dangerous, and a factual allegation of inherent danger in the chemical is unnecessary, he errs. If he means that the particular chemicals are dangerous, he does not so allege. The suggestion without allegation that danger arises on heating is of no avail.
The motion is granted dismissing the complaint, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.